MERCANTILE CREDIT COMPANY, A CORPORATION, APPELLANT, v. P. W. LAMBERT & COMPANY, INCORPORATED, A CORPORATION, RESPONDENT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Lichtenstein, Schwartz & Friedenberg.*

For the respondent, *James B. Furber.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff appeals from a judgment of nonsuit. The action was to recover a claim for the value of gravel

sold by the New York Tidewater and Gravel Corporation to the defendant and which claim had been assigned to the plaintiff.

The sale was not denied but it was contended that the date of the sale was at variance with the date set out in the complaint, that defendant had received no notice of the assignment to the plaintiff and that because of such variance and want of notice the plaintiff was not entitled to recover. Without pleading payment, defendant also sought to absolve itself by proof that shortly after the sale and assignment of the claim an attachment had been issued out of the United States District Court against the tidewater company attaching any moneys that might be due it from the defendant, and that the attachment had been actually served on defendant September 9th, 1925; that under this attachment the United States marshall demanded payment of the account, and defendant, on the advice of a lay gentleman that failure to pay might result in his imprisonment, and without consulting legal counsel, in December following voluntarily paid to the marshall the amount properly due the plaintiff as the prior assignee of the tidewater company.

These latter facts would not have been a defense if pleaded. *Board of Education* v. *Duparquet,* 50 *N. J. Eq.* 234. When the attachment issued the claim had already passed from the ownership of the tidewater company to the plaintiff and there was then no indebtedness from the defendant to the tidewater company on which the attachment could operate. With knowledge of the assignment defendant made the payment demanded by the marshal. This it could only do at the risk of being obliged to pay the claim again to its rightful owner.

At the conclusion of the case the learned trial judge recognized that the payment to the marshal did not absolve the defendant, but on the ground that there was a variance between the averments of the complaint and the proofs in the case, granted the motion for nonsuit which had been made by defendant's counsel at the conclusion of the plaintiff's evidence.

We think this was error. The complaint alleged the indebtedness to have been incurred on or about May 5, 1925, and that it was immediately assigned to the plaintiff, while the proofs showed a sale and assignment May 8th, 1925. The slight variance between the dates in the complaint and that established by the proofs did not justify a dismissal of the case.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.